DeBlanc, J.
This suit is brought by plaintiffs to dissolve two leases from them to defendant, of certain properties owned by them in Algiers, and made for the space of five' years, one from the 1st of August 1876, ■the other from the 1st of January 1877. The cause alleged to obtain *68 that dissolution is that defendant has repeatedly failed to comply with his obligations .as a lessee, and to pay — at,the dates fixed by his,contract. —the instalments of( the rent agreed upon. . ; ...
At the date of the institution of this suit, there was due but one, instalment of three hundred dollars, for the quarter which ended .on the-31st of August 1877. . .
In their petition, filed on the 3d of October 1877, plaintiffs allege that, they had good reason to-believe that their lessee would, remove from, the rented premises the property and effects subject,to their lien, and they accordingly prayed: ...
1. That said property' and effects be provisionally seized .to ¡secure-their claim.
2. That the two contracts of lease be dissolved.
3. That McKee be condemned to pay them the rent then due, and alt other and further sums, at the rate of three hundred dollars by quarter, as long as he will retain possession of their property, and — besides—five-per cent for attorney’s fees, in conformity to one of the stipulations contained in each of the leases.
The provisional seizure applied for was ordered and executed, and! the property seized bonded by McKee, who excepted to the proceedings directed against him, on the grounds:
1st. That plaintiff could not, in one action, sue upon two separate- and distinct leases of two pieces of property.
2d. Nor provisionally seize property on leased premises, in a suit, where separate premises were rented under separate leases, etc., etc.
The exceptions were overruled, and the defendant answered, reserving his right to urge the same exceptions :
That he leased the batture property described in plaintiff’s petition:-
1st. For landing boats and timber;
2d. For building steam-ways for hauling boats and other watercraft, out, and repairing them.
3d. That his steam-ways cost him four thousand dollars.
4th. That he never -violated the lease, but had tendered the rent, money sued for, viz $300, to one Vincent, the authorized agent to receive-the same, who declined to accept it;
5th. That the $300, for the rent due August 31st, 1877, the very amount sued for, and which was tendered to Vincent, was deposited with the sheriff.
Thus far as answer; defendant then claims, in reconvention, damages in the sum of twenty-five hundred dollars, for this:
1st. That David R. Fox, the agent of these plaintiffs did not quiet the defendant in the undisturbed possession of the property leased, *69 from the unlawful infringement by one George Shorey, on the rights of McKee to the property leased.
2d. For the unlawful provisional seizure, obtained by plaintiffs, in "this suit.
3d. For not defending McKee against the suit of Shorey vs, McKee.
4th. Because McKee has not been able to enjoy the use of 'the' property leased, and the general misconduct of plaintiffs' who combined" to break the léase without legal cause or right.
Judgment was rendered in favor of plaintiff:
1st. Dissolving the leases.
2d. Evicting Wm. McKee of the leased property, and putting plain-' tiffs “ in corporeal possession thereof.”
3d. For nine hundred dollars, with five per cent interest per annum, on $300, from September 1st, 1877, until paid ; and like interest on like sum from the 1st December, 1877, until paid ; like interest on like •sum from 1st March, 1878, until paid, and
4th. For “such other sums as may become due and owing at the-rate ■of ‡300 per quarter,” “ as long as the defendant remains in possession.”
5th. • Condemning defendant to pay five per cent attorney’s fees on six thousand dollars.
6th. Recognizing plaintiff’s lien and privilege as landlord on the property herein provisionally seized.
In the record filed in this court, we have found sixty-six mentions •of sixty-six objections urged during the course of the trial, against the Introduction of evidence, and which testify of the zeal and vigilance with which this case was prosecuted and defended.
Defendant’s exceptions to the form of plaintiff’s action were properly overruled. Though based on different leases, that action in those parts which are excepted to, does not contain inconsistent demands,' contrary to or exclusive of each other, and the provisional seizure' ordered by the court was executed on none but the property and effects ■subject to the lien resulting from the two leases. O. P. 148-151. - '
Have plaintiffs shown sufficient cause for the dissolution of the leases ? They have: it is true that, when this litigation commenced, defendant was owing but one instalment of the rent, but it is also true that he had not been very punctual in paying the others. The payment of the rent, not by fractions, not after repeated demands or the institution of a suit to recover it, but at the date fixed by the contract, and in its entirety, is — on the part of the lessee, an obligation which he can neither avoid nor postpone; and if — through negligence or for want of' funds — he fails to comply with that obligation, his failure justifies the dissolution of the contract.
Rev. C. C. 2046 — 10 L. R. 22 — 1 A. 422 — 14 A. 432.
*70 Can the plaintiffs claim the dissolution of the leases, and — besides' —that defendant be condemned to pay them from and after that dissolution, in accordance with the terms fixed in the leases for the payment of the rent, from quarter to quarter, until delivery.of the leased premises, a sum corresponding to that which the lessee had- to pay during the existence of the dissolved contracts ? They can not: as remarked by Mr. Justice Slidell — the organ of this court in “ Sign vs. Lloyd” — that, relief is given by our Code in a single case: if the lessee makes another use of the thing than that for which it was intended, and if any loss is thereby sustained by the lessor, the latter may obtain the dissolution of the lease. The lessee — in that case — shall be bound to pay the rent until the thing is again leased out, etc. Immediately succeeding this article ■ of the Code is the following: “ The lessee may be expelled from the tenement, if he fails to pay the rent when it becomes due.” But no provision is made as to loss, by delay in re-letting.
C. C. 2681 (2711) 2682 (2712) — 1st. A. p. 421, 422, 423.
The court further said: “ It is to be remarked that, whatever apparent equity there may be in the view presented by the plaintiffs’ counsel, the omission to provide such relief as he asks cannot be considered as accidental. Our Code — in the great mass of its provisions — follows the Code Napoleon. That Code contains an express provision on this subject, which the compilers of our Code have thought proper to omit, * except in a special case.”
1 A. p. 422.
There is, in the two acts of lease a clause which we hereby transcribe : “ The lessee binds himself to pay all attorney’s fees in case it should be necessary at any time to sue for the collection of the rent or any part thereof, or to enforce the conditions of this lease: the said attorney’s fees to be fixed at five per cent upon the full amount for which the property is leased, from the beginning to the expiration of said lease.” One of the express, though unnecessary conditions inserted in the act of lease is “ that the lessor reserved the right to cancel it for any failure to comply with its terms.” The lessee by failing to pay at the time agreed upon, has himself authorized the action to cancel the-' contract, and he must bear an expense, the proportion of which he has himself fixed. He is not, however, liable for a commission on both the full amount for which the property was leased, and on every.fraction, which the plaintiffs claim as now due and to become due of the aggregate amount. Only one suit has been brought, and — for the attorney’s fees in that suit, only one commission can be allowed, and that is three hundred dollars.
In our opinion, plaintiffs are entitled to a judgment against defendant, dissolving the t.wo leases and condemning said defendant .to .pay *71 them for rents — but only whilst the relation of lessors and lessee continued between them, that is until the 16th of March 1878, when the leases were dissolved, the sum of nine hundred and fifty dollars, three-hundred of which were deposited with the sheriff on the fifth of October 1877, and, for attorney’s fees, five per cent on six thousand dollars, the. full amount for which the property was leased.
Defendant claims in reconvention, against the plaintiffs the sum of twenty-five hundred dollars, for the alleged reasons that they have not-protected him in the possession of the leased premises, that they have combined to violate their contract with him, and that their provisional seizure was causeless and unlawful.
It was not, sho.wn that defendant’s possession of the premises, as. delivered by the lessors and within the limits designated by them apd which — for years — have been recognized by those who live in that neighborhood, has been interfered with or disturbed. It does not satisfactorily appear that Shorey was claiming any right to the leased premises, or within its recognized boundaries. If otherwise, McKee was bound to apprise his lessors of that fact by personal notice, to call them in, warranty, and — by his neglect so to do — he has lost his recourse against them for the damages which may have resulted from the pretended disturbance. We do not consider as a sufficient notice of that disturbance, McKee’s conversation with one of the plaintiffs, in which he called his attention to a steamer lying partly in front of the leased property and which — it seems — had Deen there tied up by Shorey — for, in that conversation McKee intimated that he would take charge of the matter and cause Shorey to move off.
C. P. 48, 43 — C. C. 2703 (2673) 2704 (2674).
This court has often decided that the lessee’s failure to pay the rent constitutes a good reason for the lessor to apprehend that the property, subject to his pledge may be removed from the premises leased. 8th A. 366, 374. That was and is the strictest construction that could or can be placed upon the law, and — inasmuch as it has been adopted for upwards of twenty-five years — we adhere to it; but we are not inclined to-extend it and to hold that the lessor has the right to provisionally seize the effects of his tenants, for the only reason that the rent was not paid on the day fixed in the lease, and though the next day or before the seizure the tenant offers to pay and the lessor refuses to receive the amount of the rent. Under such circumstances, the failure to pay authorizes the dissolution of the lease, but does not authorize the provisional seizure.
McKee, though willing, was unable to punctually comply with his obligation, but did in no way attempt to avoid it, or remove from the premises any of the effects subject to his lessors’ pledge. On the 17th *72 ■of September, he sent one of his employees to pay the rent then due, tó thé agent' designated by plaintiffs to receive it, and that agent informed the employee that his instructions were to refuse the amount of the r’ent, if tendered after the 15th. The tender was informally made, emphatically refused, and — shortly after — the provisional seizure was applied for, granted and executed. That provisional' seizure was wrongfully’'Obtained, and those by whom it was obtained are personally responsible1 for the damages which it has caused to the defendant.
; d 'P. 295.
What damages did he prove that he. has suffered ? He claims, in his answer, that he was damaged in the sum of twenty-five hundred dollars', an'd-hás a witness, he swore — on the., trial — that he has lost, on account'of his alleged disturbance and the seizure, from five to eight thousand dollars. If less than a manifest exaggeration, this is certainly a mistake.
The seizure was executed on the 4th, released on bond on the 5th of October. He did not prove that, thereby, his credit had been either materially or otherwise affected — he did not prove what expenses he has incurred, and — under the only evidence which we can legally consider — we believe that, for. the inevitable troubles and costs which that causeless and wanton seizure has entailed upon him, he is entitled to neither less nor more than three hundred dollars. C. P. 295.
It is — therefore—ordered, adjudged and decreed that the judgment of the lower court is amended, the leases of the 1st of August 1876 and 1st of January 1877 dissolved, and that — after deduction of the damages allowed to defendant, and which we compensate against the amount allowed to plaintiffs for their counsel’s fees, they — the said plaintiffs — recover of said defendant, for rent, the sum of' nine hundred and fifty dollars, with legal interest thereon as follows, to wit: on three hundred dollars,-.the amount deposited in court from the 1st of September 1877 to the 5th of October of that year — on a like sum from the 1st •of December 1877 — on an additional and like sum from the 1st of March 1878, and on the sum of fifty dollars, from the dissolution of the leases, -on the 16th of March 1878. •
It is further ordered, adjudged and decreed that all other moneyed demands of plaintiffs against defendant and of the latter against the former are hereby rejected — and that, as thus amended — the decree appealed from is affirmed: the costs of the appeal to be paid by plaintiffs.